UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT STUBBLEFIELD,

    Plaintiff,

v.                                                    Case No.: 8:10-cv-824-T-24-AEP

FOLLETT HIGHER EDUCATION
GROUP, INC.,

    Defendant.
_____/

**O R D E R**

This cause comes before the Court on Defendant's Motion to Dismiss (Doc. 4). Plaintiff filed a response opposing the motion (Doc. 6). For the following reasons, the motion is granted, and Plaintiff's claims are dismissed with prejudice.

**I.    Background**

Plaintiff, Robert Stubblefield, alleges the following: Defendant, Follett Higher Education Group, Inc. ("Follett") is a foreign corporation, authorized to conduct business in Florida. Follett is a seller of textbooks and maintains a bookstore (the "Bookstore") on the St. Petersburg College ("SPC") campus in Clearwater, Florida. Stubblefield was a full-time employee of Follett from 1991 to December 3, 2008, and he was the manager of the Bookstore when he was terminated.

Follett contracted with SPC to sell textbooks from the Bookstore for a certain profit margin, and in return, SPC received a commission on the Bookstore's sales. Through mid-2004,

1

the contract provided that Follett could not sell any textbook at a price higher than the publisher's list price or a 25% gross profit margin. The current contract allows for a 30% gross profit margin, plus a 2.5% charge for shipping.

In 1993, Stubblefield notified Follett's then-Regional Manager, Kieran Keenan, that its textbook pricing scheme at the Bookstore was different than what he was taught in training; Follett took no action in response. In 1998, Stubblefield notified Follett's then-Regional manager, Suzanne Stegeman, that its textbook pricing scheme overcharged purchasers; again, Follett took no action in response. In September 2007 and September 2008, Stubblefield complained and objected in writing to Stegeman about the textbook pricing practices. In 2008, Follett responded in writing, informing Stubblefield that it did not want any further contact or information from him regarding textbook pricing. Stubblefield forwarded Follett's written response to Follett's Director of Internal Audit, John Hayes. Follett terminated Stubblefield on December 3, 2008, though he was not disciplined in any way before his termination.

Stubblefield argues that his termination was a direct result of and retaliation for his opposition to Follett's pricing scheme, which he characterizes as a "violation[] of law, rules and regulations, including the Florida Deceptive and Unfair Trade Practices Act ["FDUTPA"] and state and federal laws prohibiting theft and fraud." (Doc. 2 at 2.) Stubblefield claims that by retaliating, Follett violated Florida's Private Whistleblower's Act, Florida Statutes §§ 448.101 *et seq*. Accordingly, Stubblefield sued (Doc. 2),[1] and Follett moved for dismissal (Doc. 4).

---

[1]Stubblefield filed his complaint in the Sixth Judicial Circuit in and for Pinellas County, Florida. (Doc. 2.) On April 8, 2010, Follett removed the action to this Court. (Doc. 1.)

**II.     Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Fed. Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000) (citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).

Although Rule 8 does not require a claimant to set out in detail the facts upon which he bases his claim, it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must allege sufficient facts, accepted as true, to state a plausible claim for relief. See id. However, the door to discovery will not open for a plaintiff "armed with nothing more than conclusions." Id. at 1950. Where a complaint contains well-pleaded facts that "do not permit the court to infer more than the mere possibility of misconduct," the complaint stops short of plausibility and does not show the plaintiff is entitled to relief. Id.

**III.     Discussion**

Florida's Private Whistleblower Act (the "Whistleblower Act" or the "Act"), Florida Statutes §§ 448.101 *et seq*, is "designed 'to protect private employees who report or refuse to assist employers who violate laws enacted to protect the public.'" Golf Channel v. Jenkins, 752 So. 2d 561, 562 (Fla. 2000) (quoting Arrow Air, Inc. v. Walsh, 645 So. 2d 422, 424 (Fla. 1994)). To that end, the Whistleblower Act provides victims of certain retaliatory personnel actions a

remedy against their private-sector employers. See id. Among other things, the Act prohibits an employer from retaliating when an employee has "[o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Fla. Stat § 448.102(3).

Florida applies the framework for Title VII retaliation claims in evaluating Whistleblower claims. See Bell v. Georgia-Pacific Corp., 390 F. Supp. 2d 1182, 1187 (M.D. Fla. 2005). Therefore, to establish a claim under the Act, an employee must prove: (1) there was a statutorily protected activity; (2) an adverse employment action occurred; and (3) there was a causal link between the protected activity and the adverse employment action. See id. at 1187–88.

To establish the first element of his or her prima facie case under the Whistleblower Act—i.e., to prove that there was a statutorily protected activity—a plaintiff must demonstrate that he or she objected to or refused to participate in an activity, policy, or practice of his or her employer that violates a law, rule, or regulation. See id. at 1188. Accordingly, to be successful in his Whistleblower claim, Stubblefield must establish that he objected to an activity, policy, or practice of Follett's that actually violated a law, rule, or regulation. See Vargas v. Lackmann Food Serv., Inc., 510 F. Supp. 2d 957, 968 (M.D. Fla. 2007). Here, Stubblefield alleges he objected to Follett's overcharging Bookstore customers, which he claims breached Follett's contract with SPC and violated FDUTPA. (Doc. 2.)

FDUTPA creates a cause of action against unfair or deceptive acts or practices committed in trade or commerce. Fla. Stat. § 501.204(1). "An unfair practice is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or

4

substantially injurious to consumers." N. Am. Clearing, Inc. v. Brokerage Computer Sys., Inc., 666 F. Supp. 2d 1299, 1310 (M.D. Fla. 2009) (internal quotations and citations omitted). "Deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." Id. at 1311 (internal quotations and citations omitted). Accordingly, to demonstrate that Follett violated FDUTPA (and to establish his Whistleblower claim), Stubblefield must establish that breach of Follett's agreement with SPC constituted an unfair or deceptive trade act or practice. Stubblefield contends that "[Follett's] textbook pricing scheme [was] unconscionable, unfair or deceptive" in that it misled and "adversely affected the overcharged purchasers." (Doc. 6 at 3.)

Follett moves for dismissal, arguing that breach of contract does not, by itself, violate FDUTPA.[2] (Doc. 4.) Follett's argument is too far-reaching, but it is valid as applied here. Breach of contract *may* be actionable under FDUTPA—but only if the conduct underlying the breach is itself unfair or deceptive. See N. Am. Clearing, 666 F. Supp. 2d at 1310 (citations omitted).

Follett faced a similar challenge to its policies and practices in Rebman v. Follett Higher Educ. Group, Inc., 575 F. Supp. 2d 1272 (M.D. Fla. 2008). In its operating agreement with Daytona Beach Community College ("DBCC"), Follett was to sell used textbooks for no more than 75% of the new textbook retail price, and Follett was to purchase used textbooks for not less than 50% of the new textbook retail price. See id. at 1274–75. In practice, Follett rounded sales

---

[2]Follett also argues that Stubblefield's claim fails, first, because there is no close temporal proximity between the protected activity and the adverse employment action, and second, because Follett's underlying conduct of overcharging is time-barred. (Doc. 4.) Because the Court is granting Follett's motion on other grounds, it will not address these arguments.

5

and purchases, up or down, to the nearest $0.25 increment. See id. at 1275. The Rebman plaintiffs alleged that Follett's rounding practices violated its operating agreement with DBCC and constituted unfair and deceptive trade practices in violation of FDUTPA. See id. at 1278. The court ruled that a FDUTPA claim for an alleged breach of contract was viable, but only if "the act giving rise to the breach also constitute[d] an alleged unfair or deceptive trade practice." Id. at 1279. The Rebman plaintiffs presented no factual evidence or legal authority for the proposition that the practice of selling used textbooks for more than 75% of the retail price and the practice of buying used textbooks for less than 50% of the retail price were, in and of themselves, unfair or deceptive trade practices. See id. Because the Rebman plaintiffs challenged the rounding practices only to the extent that the rounding led to a used textbook price that was inconsistent with the terms of the agreement, the court found that the breach of contract could not be converted to a FDUTPA claim. See id.

Stubblefield's claim is nearly identical. To prove an actual violation of FDUTPA (and by extension, to succeed in his Whistleblower claim), Stubblefield must prove that Follett's underlying act of making a higher profit margin than specified in its contract with SPC is, by itself, an unfair or deceptive trade practice. Though Follett's actions may have breached the contract with SPC, they do not constitute a violation of a law, rule, or regulation, such that the breach is transformed into a FDUTPA violation. Consequently, Stubblefield's Whistleblower claim fails as a matter of law.

Stubblefield also generally alleges that Follett's actions violate "state and federal laws prohibiting theft and fraud." (Doc. 2 at 2.) Without more, this conclusory statement does not satisfy the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure. See

6

Ashcroft, 129 S.Ct. at 1949–50. Moreover, to the extent that Stubblefield is alleging fraud in the execution of the contract, such a claim would be barred by the economic loss rule. See Lewis v. Guthartz, 428 So. 2d 222 (Fla. 1982) (holding that plaintiffs must allege a tort distinguishable and independent from an underlying breach of contract in order to recover in tort). Accordingly, the Court finds that Stubblefield failed to state a claim under the Whistleblower Act.

The Court notes that Stubblefield has not moved for leave to amend. Instead, Stubblefield simply requested—at the conclusion of his opposition memorandum (Doc. 6)—that any dismissal be without prejudice so that he may amend his complaint. This request is unavailing. "Filing a motion is the proper method to request leave to amend a complaint." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); see also, Atkins v. McInteer, 470 F.3d 1350, 1361–62 (11th Cir. 2006) (holding that to amend properly, a plaintiff must move the court for leave to do so and "must either attach a copy of the proposed amendment to the motion or set forth the substance thereof"). Because Stubblefield has failed to attach a copy of the proposed amended complaint or explain how he intends to amend his allegations, the Court is left to guess what allegations he could add to transform Follett's conduct into a FDUTPA violation that could support his Whistleblower claim. However, because the Court cannot surmise how Follett's conduct violates a law, rule, or regulation, it appears that amendment would be futile and is not warranted.

**IV. Conclusion**

Stubblefield's complaint fails to allege conduct sufficient to demonstrate an actual violation of FDUTPA; consequently, his claim under the Whistleblower Act, Florida Statutes §§ 448.101 *et seq*, fails as a matter of law. Accordingly, it is ORDERED AND ADJUDGED that

7

Follett's Motion to Dismiss (Doc. 4) is **GRANTED**, and Stubblefield's claims are dismissed with prejudice. The Clerk is directed to enter judgment in favor of Follett and to close the case.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of May, 2010.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge